## E. A. CAIN v. I. MOYSE & CO.

1. REPLEVIN. *Defense. Collusive sale under trust-deed.*

　　In replevin against the grantor for property purchased by the beneficiary under a trust-deed, it cannot be shown as a defense that at the sale there was a fraudulent agreement between the parties, by which plaintiff bought at a reduced price, purposely leaving a balance of the debt, in order that he might sue a third person, to whom defendant had sold other of the mortgaged property, and that, after this, on his payment of the final balance due, the property in suit was to be reconveyed to him. *Johns* v. *Moyse*, 12 So. Rep., 483.

2. BURDEN OF PROOF. *Genuineness of deed.*

　　Where, in a trial, one relies upon a deed purporting to have been executed and acknowledged by his adversary, who denies its execution and testifies that it is a forgery, the burden is upon him who claims under it to show that the instrument is genuine.

FROM the circuit court of Amite county.

HON. W. P. CASSEDY, Judge.

Replevin by Moyse & Sons against E. A. Cain for the recovery of certain horses, mules and other personal property. The defendant pleaded the general issue, with notice of damages. On the trial, testimony was offered showing that the property was owned by plaintiffs, and had been left with the defendant for use during the year 1892, for such use and the rent of certain land the defendant giving plaintiffs his note, which was introduced in evidence. The defendant offered to show that the property in controversy had been sold in January, 1892, under a trust-deed given by Cain to Moyse & Sons, at which sale it was agreed between them and defendant, Cain, that they should buy in the property at a reduced price, so that a balance of the secured debt would remain due, to the end that Moyse & Sons could sue Barney, Johns & Co., who had previously purchased from Cain a part of the property covered by the trust-deed; that the sale was made at a reduced price, under this arrangement and upon the agreement that Moyse & Sons would re-convey the property to defendant on payment of the debt remaining due after crediting the recovery from Barney, Johns & Co.; that, having bought the property at a reduced price, they sued Barney, Johns & Co., and obtained judgment against them for the value of the property which they had bought. Plaintiffs objected to this testimony, and the objection was sustained; but, on cross-examination of Julius Moyse, one of the plaintiffs, certain facts as to this were brought out as stated in the opinion.

,Among other things, the defendant introduced an unrecorded deed, purporting to have been executed and acknowledged by plaintiffs, Moyse & Sons, conveying to him all the property in controversy, dated December 1, 1892. Plaintiffs offered testimony to show that the deed was a forgery, and there was a controversy in the evidence as to this.

The second instruction asked by defendant, and refused,

was to the effect that the burden of showing their right to recover the property was on the plaintiffs; that the defendant, having produced a deed of conveyance for the property, it devolved on plaintiffs to show by a preponderance of the evidence not only that the deed was not signed or acknowledged by them, but that they did not deliver the same, and that the burden of proof as to this was on the plaintiffs.

Verdict and judgment for plaintiffs. Motion for new trial overruled. Defendant appeals.

*E. H. Ratcliff*, for appellant.

1. The deed offered in evidence was perfectly good, being duly executed and acknowledged, and was in the possession of defendant. When attacked as a forgery, the affirmative of the issue, and the burden of proof, rested upon the plaintiffs. He who alleges fraud must prove it. Therefore it was error to refuse defendant's second instruction.

2. The court erred in refusing to admit defendant's testimony to show the agreement made between the parties at the time of the purchase of the property. This testimony was admissible on two grounds: (1) To show that plaintiffs acquired the property by fraud, and in such case the court should not lend them aid in recovering the possession; (2) it is admissible as being a strong circumstance to sustain the deed under which defendant claimed. Defendant offered to prove that plaintiffs had agreed at the beginning to execute this deed, and this agreement was contemporaneous with plaintiffs' acquirement of title.

*Charles E. Williams*, for appellees.

No error was committed in the instructions. Those given for the defendant were more favorable than he was entitled to ask. The correct result was reached, and the judgment should be affirmed.

Woods, J., delivered the opinion of the court.

The offered evidence of the alleged agreement between

Julius Moyse and the appellant should have been excluded. See *Barney, Johns & Co.* v. *J. Moyse & Sons,* Opinion-book O, 314, unreported, *Johns* v. *Moyse,* 12 So. Rep., 483. The reasons given in that case for the exclusion of this testimony, apply with even greater force in the present case. In fact, however, the appellant was permitted to cross-examine Julius Moyse, and make such proof as he could, and he was permitted to do precisely what he avers was denied him.

There was no error in refusing the two instructions asked by the appellant. Having set up, in bar of the right to recovery by plaintiff, a deed to the property which purported to have been executed by his adversary, and the genuineness of the deed having been denied by its reputed maker and denounced as a forgery, the burden of showing its authenticity was upon him who offered it.

*Affirmed.*